IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JAMES A. BYRD,         )<br>                                          )<br>        Plaintiff,                  )<br>                                          )<br>vs.                                     )<br>                                          )<br>1. JAMES HODGE HYUNDAI, INC., a )<br>   domestic for profit business corporation, )<br>                                          )<br>        Defendant.                )  | Case No. 14-CV-350-RAW<br><br>*Jury Trial Demanded*<br><br>*Attorney Lien Demanded* |

## COMPLAINT

**COMES NOW** James A. Byrd, Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for his causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2013) and 28 U.S.C.A. § 1343(a)(4) (West 2013), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2013).

2. Venue is appropriate as all incidents alleged herein occurred within the Eastern District of Oklahoma.

3. Plaintiff James A. Byrd, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Muskogee County, Oklahoma.

4. Defendant James Hodge Hyundai, Inc. ("JHH"), at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit business corporation operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. § 2000e(f), and was and is a business operating in the City of Muskogee, Muskogee County,

Oklahoma, and additionally, is one of several automobile dealerships under the umbrella of "James Hodge," which includes James Hodge Ford, James Hodge Toyota, James Hodge Chevy, and James Hodge Dodge /Chrysler /Jeep /Ram, in addition to the above-named Defendant.

5. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### STATEMENT OF THE FACTS

6. Plaintiff James A. Byrd incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7. Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant JHH within the meaning of 42 U.S.C.A. § 2000e(f), who worked in several positions for Defendant, the last being General Manager for JHH, which was located at 1330 North Main Street, City of Muskogee, Muskogee County, Oklahoma.

8. Further, Plaintiff has been at all times relevant to the claims alleged herein a member of a recognized protected class under applicable federal statutes and law, that being a male.

9. Plaintiff began his employment with the James Hodge auto group on or about December 15, 2009, originally working in sales at JHH, but transferring in February, 2010 to a sales consultant position at James Hodge Ford, also in Muskogee.

10. During the time Plaintiff worked at James Hodge Ford, he was subjected to male on male sexual harassment committed by then General Manager Jack Hodge and General Sales Manager Mark Ford, which included Hodge and Ford rubbing their crotches on Plaintiff.

11. Plaintiff found the actions of Jack Hodge and Mark Ford, as described above in paragraph 10, offensive, and he informed Hodge and Ford that it was offensive.

12. Moreover, Plaintiff found himself in a workplace permeated with crude same sex harassment committed by the two highest ranking persons in the Hodge motor family, Jack Hodge and Mark Ford.

13. Specifically, Plaintiff observed Jack Hodge and Mark Ford repeatedly subject two male employees, Mitchell Roseberry and Joseph Perrymore, to similar acts, along with a continuing barrage of offensive, sex-based commentary directed at Roseberry and Perrymore, much of which falsely alleged that Roseberry and Perrymore were gay lovers of each other.

14. The actions and comments by Jack Hodge and Mark Ford, as described above in paragraph 13, prompted Mitchell Roseberry and Joseph Perrymore to file complaints with the Equal Employment Opportunity Commission ("EEOC") in April of 2011.

15. In February 2011, Plaintiff was promoted to the position of General Manager at Defendant JHH.

16. Later in 2011, after Jack Hodge and Mark Ford were made aware of the EEOC complaints filed by Mitchell Roseberry and Joseph Perrymore, Hodge and Ford approached Plaintiff to see if he had been contacted by EEOC regarding the Roseberry and Perrymore allegations.

17. Hodge and Ford then requested of Plaintiff that he aver to EEOC that the allegations raised by Roseberry and Perrymore were false.

18. In response, Plaintiff advised Hodge and Ford that he would not provide false statements to EEOC, and if contacted, would answer questions truthfully, and additionally, Plaintiff reminded Hodge and Ford that they had committed similar acts against him.

19. In the first week of February, 2013, the matters involving Mitchell Roseberry and Joseph Perrymore, as they pertained to their allegations against James Hodge Ford were

concluded at EEOC; all details involving those matters have been deemed confidential absent a court order to the contrary.

20. However, within weeks of concluding the Roseberry and Perrymore matters, specifically, on March 9, 2013, Jack Hodge and Mark Ford appeared at JHH and discharged Plaintiff from his employment, without prior notice or cause.[1]

21. In fact, prior to his discharge, Plaintiff had been commended for his work as JHH General Manager, in that Plaintiff had overseen a significant rise in JHH profits, and further, Plaintiff had never received any type of reprimand.

22. Just days after discharging Plaintiff, on March 13, 2013, JHH salesmen Karl Hulcher and Lamont Lee were called in to a conference room by the new General Manager, Dave Thompson, and were instructed to answer questions regarding Plaintiff and Stephen Battle, under oath, and as posited by JHH's attorney, who was accompanied by a certified shorthand reporter ("CSR").[2]

23. Specifically, as it pertained to Plaintiff, Hulcher and Lee were asked about Plaintiff interacting with EEOC.

24. Moreover, on the following day, another salesman, Leslie Cooper, was given the business card of JHH's attorney by Dave Thompson, with instructions to call said attorney.

---

[1] On that same date, the JHH Sales Manager, Stephen Battle, an African American male, was also discharged. Mr. Battle has similarly filed a charge with EEOC, alleging racial discrimination by JHH, and is similarly filing an action with this Court regarding his employment with JHH.

[2] Karl Hulcher and Lamont Lee have similarly filed charges with EEOC and are also filing actions with this Court alleging a sexually hostile work environment, as well as race discrimination (Lee).

25. Cooper called the attorney, and when Cooper refused to answer questions without counsel present, Cooper was threatened with being subpoenaed.[3]

26. The actions of JHH, as alleged by Plaintiff, specifically Plaintiff's discharge, were taken in retaliation based upon the belief held by Jack Hodge and Mark Ford that Plaintiff had cooperated with the investigation into the Roseberry/Perrymore matters and/or that Plaintiff had filed his own charge with EEOC.

27. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days of his discharge.

28. Pursuant to Plaintiff's complaint, EEOC issued a "Dismissal and Notice of Rights," or "Right to Sue Letter," on June 3, 2014, and this matter has been filed within ninety (90) days of its issuance.

**FIRST CAUSE OF ACTION**
**UNLAWFUL RETALIATION**
**TITLE VII, 42 U.S.C.A. § 2000e-3(a)**
**AS TO DEFENDANT JHH**

29. Plaintiff James A. Byrd incorporates paragraphs 1 through 28 herein as if fully set forth verbatim.

30. Plaintiff engaged in a protected activity by refusing to comply with the request of his employer to provide false information to the EEOC regarding pending charges of discrimination in Plaintiff's workplace, which were lodged by employees in Plaintiff's workplace, Mitchell Roseberry and Joseph Perrymore.

---

[3] Similar to Battle, Hulcher, and Lee, Leslie Cooper has filed a complaint with EEOC and is filing an action with this Court, alleging sexual harassment and racial harassment.

31. Moreover, within weeks of the matter referenced in paragraph 30 *supra* being concluded, Plaintiff was discharged from his employment, without prior disciplinary actions or cause.

32. Further, within days of Plaintiff's discharge, other employees were questioned, under oath and by counsel for Plaintiff's employer, regarding communications between Plaintiff and the EEOC.

33. Said actions by Defendant JHH subjected Plaintiff to a retaliatory and materially adverse employment action, specifically, discharge, which was based upon Defendant's belief that Plaintiff had cooperated with two EEOC investigations and /or filed his own charge with EEOC.

34. Defendant's actions as perpetrated against Plaintiff would tend to dissuade a reasonable employee from making or supporting a charge of discrimination.

35. As a result of the actions constituting retaliation against Plaintiff, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e – 3(a), were violated, causing Plaintiff injury.

### PUNITIVE AND EXEMPLARY DAMAGES

36. Plaintiff James A. Byrd incorporates paragraphs 1 through 35 herein as if fully set forth verbatim.

37. The acts and omissions by Defendant JHH, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

38. As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by

a jury commensurate with the financial resources available to Defendant, subject to applicable statutory caps, and sufficient to deter others similarly situated from like behavior.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff James A. Byrd prays this Court to grant to him the following relief:

A.  Judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

B.  Punitive damages against Defendant to the extent permitted by law;

C.  Order Defendant to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D.  Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid-Continent Tower, Suite 450
Tulsa, Oklahoma 74136
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***James A. Byrd***